## JOHN A. MULLINS *v.* THOS. JOYCE'S ADM'R.

**Fraudulent Conveyances—Conveyance to Defeat Creditors.**

The sale by a debtor of all his property subject to execution, just prior to being sued by a creditor, was held to be a sham device to defeat the grantor's creditors.

**Fraudulent Conveyances—Prima Facie Case of Fraud.**

Where it is shown that a debtor, just prior to being sued by a creditor, conveyed all his property which was subject to execution, but retained possession and control of the premises, it makes out a prima facie case of fraudulent combination.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 17, 1874.

OPINION BY JUDGE LINDSAY:

Thompson conveyed his house and lot just before he was sued on the debts due to Joyce's estate. He retained possession, and con-

tinued to use and control the premises in the same manner that he did before the pretended sale. The conveyance recites that the full amount of the purchase price was paid in hand.

The allegations of the petition are to the effect that the sale was a mere sham; that the conveyance was executed and accepted to enable Thompson to cheat, hinder and delay his creditors; and that in point of fact nothing was paid by Mullins to Thompson. Mullins contents himself with denying the charge of fraud, insisting that his purchase was bona fide, and by alleging that the consideration named in the deed was actually paid, part of it in a debt due him from Thompson, and the balance in cash. The testimony, though not of the most convincing character, tends to show that Mullins was not able to have made a cash payment of any considerable amount, and this fact, coupled with the circumstances stated, viz., that Mullins purchased all of Thompson's property subject to execution just before he was sued by Joyce's administrator, and that Thompson retained possession and control of the premises, is sufficient to make out a prima facie case of fraudulent combination. The explanation of the continued occupation of the house by Thompson strengthens the presumption of fraud. The receipts for rent alleged to have been paid by Mrs. Thompson, all bear date on the 14th day of the respective months in which they purport to have been given. They are all written on the same kind of paper, with the same colored ink, and evidently with the same pen. The conclusion is almost inevitable that they were all prepared at the same time, and that they were gotten up for the purpose of being used in this suit.

There is no evidence that Mullins held a note or other claims on Thompson, nor that he at any time paid him one cent of money. The court is not even favored with a statement as to the amount of the debt and of the cash payment. We are satisfied that the entire transaction was a sham. Judgment affirmed.

*Joyce, for appellant.*

*M. A. Sachs, for appellee.*